*Filed in open
Cart
—fmr 2/29/08*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal Action No. 07-144-SLR |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| MIGUEL A. MALDONADO-BENITEZ, | : | |
| a/k/a Jean Carlos Ortero | : | |
| | : | |
| Defendant. | : | |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney,

Colm F. Connolly, United States Attorney for the District of Delaware, and Seth M. Beausang,

Assistant United States Attorney for the District of Delaware, and the defendant, Miguel A.

Maldonado-Benitez, by and through his attorney, Keir Bradford, Esquire, the following agreement

is hereby entered into by the respective parties:

1.      The defendant, Miguel A. Maldonado-Benitez, agrees to plead guilty to Count One

of the Indictment charging him with reentry after deportation in violation of Title 8, United States

Code, Section 1326(a), which carries a maximum penalty of imprisonment of not more than 2 years,

a $250,000 fine, or both, 1 year of supervised release, and a $100.00 special assessment.

2.      The defendant understands that the elements of the offense to which he is

pleading guilty are that: (a) the defendant is an alien; (b) the defendant was deported or removed

from the United States; (c) subsequent to his deportation or removal, the defendant was found in the

United States; (d) the defendant was knowingly present in the United States; and (e) neither the

Attorney General of the United States, nor the Undersecretary for Border and Transportation

Security, Department of Homeland Security, had consented to the defendant's reentry or such consent was not required.

3.      The defendant agrees to pay the $100 special assessment at the time of sentencing.

4.      Provided that the United States Attorney does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees to a two-level reduction under U.S.S.G. § 3E1.1(a) based on the defendant's conduct to date.

5.      The United States explicitly retains the right to make whatever recommendations at the time of sentencing that it believes are appropriate and to defend the rulings of the sentencing court upon appeal.

6.      The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence.  It is likely that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines.  The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge.  The Court may impose a sentence which is within, or which exceeds or falls below the sentencing range prescribed by the sentencing guidelines.  The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea.

7.      It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and

2

Dated:                                    Dated:


_Keif Bradford_

Keif Bradford, Esquire
Attorney for Defendant


Dated:


   **AND NOW,** this ___ day of ___, 2008, the foregoing Memorandum of

Plea Agreement is hereby (accepted) (rejected) by this Court.


                    _Sue L. Robinson_

                    The Honorable Sue L. Robinson
                    United States District Court Judge


3